UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50461
Summary Calendar
_____


Kent Anthony Krueger,

                              Plaintiff-Appellant,

                    versus

Bill Reimer, District Attorney; and Fred Moore,
Judge, Comal County,

                              Defendants-Appellees.

_____

Appeal from the United States District Court for the
              Western District of Texas
_____
              (September 26, 1995)



Before KING, SMITH and BENAVIDES, Circuit Judges.

Per Curiam:

     Kent Anthony Krueger appeals from the district court's
dismissal as frivolous of his 42 U.S.C. § 1983 claim against Comal
County, Bill Reimer, District Attorney of Comal County, and Fred
Moore, a Texas state district judge.  We will affirm.



                    I. BACKGROUND

     Krueger, a Texas prisoner, filed a civil rights action
pursuant to 42 U.S.C. § 1983 against Reimer and Moore, alleging

that they conspired to deprive him of his right to appeal his conviction by denying his request to proceed *in forma pauperis* on appeal and by denying his right to self-representation. He also asserted that Comal County was liable because Reimer and Moore acted as final policy makers for Comal County. The magistrate judge recommended that Krueger's claims should be dismissed as frivolous because they lacked an arguable basis in law or fact and that the district court should warn Krueger of the possible imposition of sanctions for filing future frivolous actions. The district court adopted the magistrate's recommendations, and dismissed Krueger's suit with prejudice. Krueger filed a timely appeal.

## II.

Dismissal of an *in forma pauperis* petition under 28 U.S.C. § 1915(d) is permissible if the district court is "satisfied that the action is frivolous or malicious." Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993). An action is frivolous if it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). We review a district court's section 1915(d) dismissal under an abuse of discretion standard. Denton v. Hernandez, ____ U.S. ___, 112 S. Ct. 1728, 1734 (1992). We have reviewed the record, and we affirm the district court's dismissal for the following reasons:

(1) The Supreme Court has held that, in order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must

2

prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, ___ U.S. __, 114 S. Ct. 2364, 2372 (1994). To the extent that Krueger's claims, if successful, would necessarily imply that his state criminal conviction is invalid, they are not cognizable under section 1983 because Krueger has not proved that his conviction and sentence for burglary have been invalidated.

(2) Reimer and Judge Moore are absolutely immune from liability in Krueger's section 1983 suit. Despite the applicability of Heck, a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) determination. See Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). Reimer, as a district attorney, is absolutely immune in a civil rights suit for any actions taken pursuant to his role as State advocate in preparing for the initiation of judicial proceedings or for trial. Id. at 285. Similarly, judicial officers enjoy absolute immunity from liability for damages for acts performed in the exercise of their judicial functions. Id. at 284. Krueger's claims against Reimer and Judge Moore concern their actions during Krueger's criminal trial and, therefore, are covered by the doctrines of prosecutorial and judicial immunity.

(4) Krueger's allegation that Comal County is liable because

3

Reimer and Moore acted as final policy makers for the County is without foundation in law or in fact. In order to recover a judgment against a local governmental entity under section 1983, Krueger must establish that he sustained a deprivation of his constitutional rights as a result of some official policy, practice, or custom of the governmental entity. Monell v. Department of Social Servs. of the City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978). A local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county. See Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992); Carbalan v. Vaughn, 760 F.2d 662, 665 (5th Cir.) cert. denied, 474 U.S. 1007 (1985).

If a district attorney exceeds the scope of his prosecutorial duties, a county may be held liable under certain limited circumstances. See Turner v. Upton County, 915 F.2d 133, 137-38 (5th Cir. 1990), cert. denied, 498 U.S. 1069 (1991) (county may be held liable for the acts of district attorney who entered into conspiracy with county sheriff, the ultimate repository of law enforcement power in the county). Krueger has made no specific factual allegations that either Reimer or Judge Moore acted outside the scope of his prosecutorial or judicial functions. Because both Reimer and Judge Moore were acting in their official capacities in Krueger's criminal trial, their actions do not constitute the official policy of Comal County.

(5) Krueger also contends that the district court erred in

4

dismissing his claims because it did not review the fifty-two exhibits that Krueger filed with his objections to the magistrate judge's report. Our review of the record indicates that the district court conducted a de novo review of the magistrate's report and the record, including Krueger's exhibits, before dismissing the section 1983 action. Krueger's contention that the trial court failed to review the exhibits lacks merit.

The district court did not abuse its discretion in concluding that Krueger claims have no arguable basis in law or in fact. Accordingly, we affirm the district court's dismissal of his section 1983 claim as frivolous.