IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 95-10313

Summary Calendar

---

RANDY LEE HARPER,

Plaintiff-Appellant,

versus

THOMAS J. CALLAHAN, ET AL.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
(7:93-CV-154(7:93-CV-37-X))

---

November 20, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Randy Lee Harper appeals from the final judgment of the United States District Court dismissing his claims that his constitutional rights were violated by the defendants while he was an inmate at the Wichita County Detention Center. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

I.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

On September 24, 1992, Harper was arrested by officers of the Wichita Falls Police Department and charged with possession of a controlled substance. From September 24, 1992 until July 6, 1993, Harper was incarcerated at the Wichita County Detention Center.

On March 25, 1993, Harper sued Sheriff Callahan and the Captain of Jail Administration, Deanna Maness, pursuant to 42 U.S.C. § 1983, alleging that they violated his Eighth Amendment rights by failing to provide him with adequate opportunity to exercise, an adequate diet, adequate medical care, and sufficient protection from tuberculosis infected inmates. Harper, who proceeded pro se and in forma pauperis, requested the appointment of counsel, which the district court denied.

After a bench trial, the district court dismissed all of Harper's claims as frivolous under 28 U.S.C. § 1915(d). The court concluded that Harper failed to demonstrate that the defendants, acting in their official capacity, had a policy or custom of violating inmate's constitutional rights. In addition, the court held that Harper presented insufficient evidence to prove defendants, acting in their individual capacity, had violated his constitutional rights. This timely appeal followed.

II.

Harper claims that the district court erred in dismissing his § 1983 claim that the defendants violated the Eighth Amendment by failing to sufficiently protect him from tuberculosis infected inmates. Specifically, Harper charges that

2

he "vaguely presented" evidence that he was exposed to inmates infected with tuberculosis.

We review the district court's dismissal of Harper's claims as frivolous pursuant to 28 U.S.C. § 1915(d) for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). A district court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. Id. at 32-33; Krueger v. Reimer, 66 F.3d 75, 76 (5th Cir. 1995).

At trial, Sheriff Callahan testified that, to his knowledge, only six cases of tuberculosis had been reported in the past ten years at the jail. In response, Harper testified that of the thirty inmates with whom he had been transferred to the jail, six had been exposed to the disease. Harper acknowledged that he had no proof that those six inmates carried the tuberculosis disease. Significantly, Harper did not testify that he had contracted tuberculosis, nor did Harper offer medical evidence that he had even been exposed to tuberculosis while he was incarcerated at the jail. Given this testimony, the district court concluded that "there was no medical evidence adduced that Harper or anyone house at any time with him had or has tuberculosis." We agree with the district court's assessment of Harper's claim as frivolous.

Similarly, Harper's contentions that jail overcrowding resulted in his being denied adequate exercise opportunities and adequate diet are without merit. Harper provided no evidence

that the conditions at the detention facility violated Constitutional requirements.

Finally, Harper asserts that his appeal should be held to less stringent standards because he is proceeding pro se. We disagree. Although we liberally construe the briefs of pro se appellants, we also require that the appellant inform the court of the reasons that he is entitled to relief "with citation to the authorities, statutes and parts of the record relied on." Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (quoting Fed. R. App. P. 28(a)(4)). Harper has failed to do that. Any objection to the district court's judgment not raised in Harper's brief is waived.

AFFIRMED.