IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50782
Conference Calendar
_____


REYNALDO REYES,

                                        Plaintiff-Appellant,


versus

STELLA SAXON,
Judge, 81st Judicial District Court,


                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-96-CV-672
- - - - - - - - - -

April 17, 197
Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Reynaldo Reyes, Texas prisoner #648638, moves for leave to
appeal in forma pauperis (IFP) the district court's dismissal of
his civil rights complaint.  Reyes has complied with the
certification requirements of the Prison Litigation Reform Act of
1995 (PLRA) and his motion for leave to proceed IFP is GRANTED.

---

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Reyes is ORDERED to pay an initial partial filing fee of $1.53, in accordance with 28 U.S.C. § 1915(b)(1).  Following payment of the initial partial filing fee, the remainder will be deducted from Reyes's prison trust-fund account until the entire filing fee is paid.  § 1915(b)(2).

IT IS ORDERED that Reyes pay the appropriate filing fee to the Clerk of the District Court for the Western District of Texas.  IT IS FURTHER ORDERED that the agency having custody of Reyes forward the initial partial filing fee to the Clerk.  Thereafter, the agency shall forward, in accordance with § 1915(b)(2), to the Clerk of the District Court for the Western District of Texas monthly payments of 20 percent of the preceding month's income each time the amount in Reyes's account exceeds $10, until the appellate filing fee of $105 is paid.

Reyes has identified no error in the dismissal of his civil rights complaint.  His allegations concerning the state judge who presided over his guilty plea call into question the validity of his conviction and sentence and may not be considered in a 42 U.S.C. § 1983 action.  See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).  Furthermore, to the extent that Reyes seeks damages from the judge, his claim is barred by absolute immunity.  See Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995).

Reyes's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5th

Cir. R. 42.2.  We caution Reyes that future frivolous civil suits and appeals filed by him or on his behalf will invite the imposition of sanctions.  Reyes is cautioned further to review any pending suits and appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.  5th Cir. R. 42.2.