No. 99-10654
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10654
Conference Calendar

_____

DENNIS HOOD,

Plaintiff-Appellant,

versus

JAMIE SHAW; LEKELIA LAWAN SHAW-RUSSELL; WILLIAM KENT PASCHAL;
W. BROOKS BARFIELD, JR.; MELINDA MAYO; JUDGE SAMUEL KISER, 181st
District Court; WAYNE SCOTT, Director, Texas Department of
Criminal Justice, Institutional Division; S.O. Woods, Jr.,
Chairman Board of Record Classification; BRENDA GOUGE, 181st
District Court Reporter; CANDACE NORRIS; POTTER COUNTY, TEXAS;
REBECCA KING, District Attorney Potter County; BRUCE SADLER,
Assistant Prosecutor Potter County; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE-INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:98-CV-218
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Dennis Hood, Texas prisoner No. 369033, appeals the district
court's determination that his civil rights complaint seeking
damages for an allegedly wrongful prosecution and conviction for
aggravated sexual assault was frivolous and that it failed to
state a claim for relief.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hood's claims against defendants Shaw and Shaw-Russell are barred by Heck v. Humphrey[**] because he remains incarcerated due to the revocation of his parole based on their allegedly false accusations. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). Defendants Paschal, Barfield, and Norris are not state actors subject to liability under 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Defendants Mayo and King are entitled to absolute prosecutorial immunity and defendant Kiser is entitled to absolute judicial immunity. Graves v. Hampton, 1 F.3d 315, 318 (5th Cir. 1993); Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995). Hood's conclusional allegations with respect to defendants Sadler and Potter County fail to state a civil rights claim. Babb v. Dorman, 33 F.3d 472, 476 (5th Cir. 1994). Hood has abandoned his claims against the other defendants by failing to brief those issues. Yohey v. Collins, 985 F.2d 222, 223-24 (5th Cir. 1993). Thus, we find that Hood's appeal is legally frivolous and it IS DISMISSED. 5TH CIR. R. 42.2.

The district court's dismissal of Hood's complaint and this court's dismissal of the appeal as frivolous count as two "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Hood is CAUTIONED that if he accumulates three "strikes" under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless

---

[**] 512 U.S. 477, 486-87 (1994).

he is under imminent danger of serious physical injury.  See
§ 1915(g).

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.