IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10763
Conference Calendar

_____

ALLAND LEE HAGANS,

Plaintiff-Appellant,

versus

CRUEZOT, Judge,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-1689-G
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alland Lee Hagans, Texas inmate #795232, challenges the district court's refusal to grant *in forma pauperis* (IFP) status on appeal based upon its determination that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Hagans contends that his 42 U.S.C. § 1983 complaint challenged the constitutionality of a Dallas County policy, which allows the appointment of visiting judges to try cases.

Hagans does not challenge the district court's conclusion that his claims for monetary damages against Judge Cruezot are

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barred by the doctrine of absolute immunity, and any challenge to this dismissal would be frivolous. *See Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995)(judges are absolutely immune from damages for acts performed in the exercise of judicial functions); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)(when appellant fails to identify error in district court's analysis, it is the same as if the appellant had not appealed that judgment). Hagans' claims under § 1983 concerning the constitutionality of his conviction have not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477, 487, 489 (1994).

Hagans has not shown that he will present a nonfrivolous issue on appeal and that the district court erred in certifying that his appeal was not taken in good faith. *See Baugh*, 117 F.3d at 202; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)(the inquiry into appellant's good faith is limited to whether the appeal involves legal points arguable on their merits which are not frivolous). Accordingly, we uphold the district court's certification decision and *sua sponte* DISMISS Hagans' appeal as FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The district court's dismissal as frivolous and the dismissal of this appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)(both the dismissal in the district court as frivolous and the separate dismissal of the appeal count as strikes). We caution Hagans that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal

filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) WARNING ISSUED.