IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30131
Conference Calendar

_____

KENNETH RAY WATKINS,

                                             Plaintiff-Appellant,

versus

MICHAEL SCOTT CUNNINGHAM; FRANK LEONARD; LINDSAY, Officer;
BENTON, Officer; HESTER, Sergeant; JOHN MOSLEY, Judge,

                                             Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-2162
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Kenneth Ray Watkins, Louisiana prisoner No. 238261, appeals
from the district court's dismissal without prejudice of his
civil rights complaint for wrongful arrest and detention due to
his failure to comply with the court's order to provide completed
summonses in order to effect service upon the defendants.  We
note that the dismissal of Watkins' complaint has the same effect
as a dismissal with prejudice because the claims are now time-
barred under the relevant statute of limitations.  Owens v.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Okure, 488 U.S. 235, 243-48 (1989); see Elzy v. Roberson, 868 F.2d 793, 794-95 (5th Cir. 1989); LA. CIV. CODE ANN. art. 3492 (West 1994). Nevertheless, we do not address whether the district court should have considered the possibility of a lesser sanction, see McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), because our review of the record, including Watkins' complaint and his appellate brief, shows that Watkins has failed to allege a constitutional violation.

Watkins does not suggest that defendants Cunningham, Leonard, Lindsay, Benton and Hester took any action other than arresting him and he concedes that Judge Mosley found that his arrest was supported by probable cause. Watkins' brief, passim; R. 1-6, 41-46. Thus, his claims against defendants Cunningham, Leonard, Lindsay, Benton and Hester fail to state a civil rights violation. Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 278-79 (5th Cir. 1992). Judge Mosley is entitled to absolute immunity from Watkins' claim for damages based on his finding of probable cause to arrest Watkins. Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). Accordingly, the district court's dismissal of the complaint is AFFIRMED. Bickford v. Int'l Speedway, 654 F.2d 1028, 131 (5th Cir. 1981).

AFFIRMED.