IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60057
Conference Calendar

TROY LEE LOTT,

Plaintiff-Appellant,

versus

MARCUS GORDON, Circuit Court Judge;
GERALD GRIER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:01-CV-885-WS
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Troy Lee Lott (Mississippi prisoner #K7065) appeals the
district court's dismissal of his civil rights action under
28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  He
argues that Gerald Grier, an investigator for Scott County,
Mississippi, illegally confiscated his money from his income-tax
refunds and prevented him from using that money to hire an
attorney to represent him during his state criminal proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lott also argues that Marcus Gordon, a Scott County circuit court judge, violated his Sixth Amendment right to counsel by denying him access to his own money to hire an attorney, by denying a motion for continuance to allow additional time for finding an attorney, by giving him only one working day to look for an attorney, and by turning his money over to his appointed public defender to cover some of the costs of representation.

As the district court correctly noted, Lott's allegations concerning the deprivation of his money fail to establish a due-process violation because Mississippi law provides adequate post-deprivation remedies. See Nickens v. Melton, 38 F.3d 183, 185 (5th Cir. 1994). Although Lott states that Judge Gordon deprived him of his Sixth Amendment right to counsel, the district court properly pointed out that Judge Gordon was entitled to absolute judicial immunity with respect those claims. See Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995).

The district court did not err in dismissing Lott's complaint for failure to state a claim. See Bass v. Parkwood Hosp., 180 F.3d 234, 240 (5th Cir. 1999). Lott's appeal is frivolous and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of Lott's complaint for failure to state a claim and the dismissal of this appeal as frivolous each count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Lott that once he accumulates

three strikes, he may not proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

APPEAL DISMISSED; § 1915(g) WARNING ISSUED.