United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60424
Conference Calendar

CHRISTOPHER CARBIN,

Plaintiff-Appellant,

versus

STATE OF MISSISSIPPI; MIKE MOORE, The Attorney General of
the State of Mississippi, in his individual and official
capacities; EMILIO GARZA, Circuit Court Judge, in his
individual and official capacities; GEORGE CARLSON,
Circuit Judge in his individual and official capacities,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:02-CV-186-PB
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Christopher Carbin, Mississippi inmate # 44718, proceeding

pro se, moves for leave to proceed in forma pauperis in the

appeal of the district court's dismissal as frivolous pursuant to

28 U.S.C. § 1915(e)(2)(B)(i) of his 42 U.S.C. § 1983 complaint.

Carbin's motion is a challenge to the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

certification that his appeal is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Carbin's challenge to the dismissal pursuant to Heck v. Humphrey, 512 U.S. 477, 487, 489 (1994), of his 42 U.S.C. § 1983 claims is frivolous. Relief on Carbin's claims would necessarily imply the invalidity of his conviction or sentence, and Carbin has not shown that his conviction or sentence has been reversed, expunged, or otherwise invalidated. See id.

Carbin's challenge to the dismissal of his claims against Judges Garza and Carlson and Attorney General Moore on the grounds that these defendants are entitled to absolute immunity is also frivolous. Krueger v. Reimer, 66 F.3d 75, 76-77 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

Carbin has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed in forma pauperis is DENIED and the appeal is DISMISSED as frivolous. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Carbin's 42 U.S.C. § 1983 complaint as frivolous count as strikes under the Prison Litigation Reform Act. Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). This court previously dismissed as frivolous Carbin's appeals in

Carbin v. United States Navy, et al., No. 95-60544 (5th Cir. Oct. 19, 1995), and Carbin v. Danzig, No. 03-60114 (5th Cir. Aug. 18, 2003). Adepegba, 103 F.3d at 386-87. Because Carbin had accumulated more than three strikes under 28 U.S.C. § 1915(g), the court in Carbin v. Danzig, No. 03-60114 (5th Cir. Aug. 18, 2003), informed Carbin that he was BARRED from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915 BAR IMPOSED.