United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60103
Conference Calendar
_____

WANDA WILLIAMS,

                                        Plaintiff-Appellant,

versus

PAT H. WATTS, JR., ETC.; ET AL.,

                                        Defendants,

PAT H. WATTS, JR., individually and in Official Capacity
as Chancery Judge in the Sixteenth Chancery Court District,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:04-CV-769
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Wanda Williams has appealed the district court's judgment

dismissing her complaint filed pursuant to 42 U.S.C. § 1983.  In

her complaint, Williams named the following defendants:  Pat H.

Watts, Chancery Judge of Jackson County, Mississippi; Mike Byrd,

Sheriff of Jackson County, Mississippi; Judson Locke, Deputy

Sheriff of Jackson County Sheriff's Department; and Luther

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kuykendall, Deputy Sheriff of Jackson County Sheriff's Department. Williams is an attorney who filed the instant pro se § 1983 complaint as a result of her arrest and sentence for contempt of court. The district court dismissed Williams's complaint, pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted based upon the doctrine of absolute judicial immunity.

Williams contends that the district court erred in holding that Chancery Judge Watts was entitled to judicial immunity and in granting his motion to dismiss. A district court's ruling on a Rule 12(b)(6) motion for failure to state a claim is subject to de novo review. Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003). Judicial officers are entitled to absolute immunity from damages in § 1983 actions arising out of all acts performed in the exercise of their judicial functions. Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995). However, a judge has no immunity for actions taken outside of his judicial capacity, or for actions that are judicial in nature, but occur in complete absence of all jurisdiction. Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993). Williams has failed to show a lack of immunity. See id.; Mireles v. Waco, 502 U.S. 9, 12-13 (1991). Accordingly, the judgment of the district court is AFFIRMED.