United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11439
Conference Calendar

_____

RAYMON CHARLES COX,

                                   Plaintiff-Appellant,

versus

DAVID GUINN, JR., Attorney at law; STENOGRAPHER RECORDER; MARK
SNODGRASS, Attorney at Law; NICK MOUTOS, State Prosecutor,

                                   Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CV-171
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Raymon Charles Cox, federal prisoner # 31902-177, proceeding

pro se and in forma pauperis, appeals the district court's

dismissal of his 42 U.S.C. § 1983 civil rights suit as frivolous.

Cox reiterates the arguments that he raised in the district court

concerning events that occurred in connection with criminal

proceedings against him.

     Cox has failed to show that the district court abused its

discretion by dismissing his suit as frivolous.  See Siglar v.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  As the district court concluded, Cox's claims against the attorney defendants are unavailing because they are not state actors.  See Resident Council v. United States Dep't of Hous. and Urban Dev., 980 F.2d 1043, 1050 (5th Cir. 1993).  His claims against the judge and prosecutor fail because these parties enjoy immunity from suit in connection with the performance of their official duties.  See Krueger v. Reimer, 66 F.3d 75, 76-77 (5th Cir. 1995).  Finally, his claim against the court reporter lacks merit because Cox has not shown that this defendant infringed his constitutional rights.  See Resident Council, 980 F.2d at 1050.

This appeal is without arguable merit and is frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is dismissed.  See 5TH CIR. R. 42.2.

The district court's dismissal of Cox's 42 U.S.C. § 1983 complaint and the dismissal of the appeal as frivolous count as two strikes under the three-strikes provision of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Cox is cautioned that if he accumulates a third strike under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.