United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30021
Conference Calendar
_____

PARVIN LALEHPARVARAN HOSSEINI,

Plaintiff-Appellant,

versus

ALVIN R. SHARP,

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CV-1485
---------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Parvin Lalehparvaran Hosseini appeals the district court's
judgment granting defendant Sharp's motion to dismiss Hosseini's 42
U.S.C. § 1983 complaint with prejudice for failure to state a claim
pursuant to FED. R. CIV. P. 12(b)(6).  Hosseini argues that her
allegations that Judge Sharp was not acting in a judicial capacity
when he gave her legal advice were sufficient to survive a motion
to dismiss based on judicial immunity.  She argues that the
magistrate judge was biased because she and the defendant had once
been law clerks together and that the district court's disregard
for the law indicates that bias.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judicial officers are entitled to absolute immunity from damages in § 1983 actions arising out of all acts performed in the exercise of their judicial functions. Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995). Hosseini's complaint alleged that Judge Sharp spoke with Hosseini in his chambers in connection with her brother's interdiction proceedings over which the judge was presiding and advised her as to what action could be taken to express her objections to the manner in which the interdiction proceedings were being handled. The judge's actions were clearly judicial in nature and did not reflect that Judge Sharp was acting in the capacity of legal counsel for Hosseini. The judge's rulings in the interdiction proceedings were also judicial in nature. Even if the judge's rulings were in error or were the result of a malicious intent, Judge Sharp was not deprived of his immunity because the acts were all judicial in nature. See Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996). In light of Judge Sharp's entitlement to absolute immunity, the district court did not err in determining that Hosseini's complaint failed to state a claim.

Hosseini has not made any showing that the magistrate judge's recommendation or the district court's dismissal of the complaint were the result of personal bias. See United States v. Couch, 896 F.2d 78, 81 (5th Cir. 1990).

AFFIRMED.