**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-10969
Summary Calendar

RAYMOND D NEWSOME

Plaintiff-Appellant

v.

DAVID L RICHARDS, Attorney At Law; BARRY J ALFORD, Attorney At Law;
REX BARNETT, Attorney At Law; BEN D LEONARD, Tarrant County District
Attorney; DEWAYNE HOUSTON, Tarrant County District Attorney's Office;
TIM CURRY, Tarrant County District Attorney; JUANITA PAVLICK, Criminal
District Court No 1 CHIEF OF POLICE OF THE GRAPEVINE POLICE
DEPARTMENT AS OF MARCH 20 2004; DETECTIVE OSCAR RAMIREZ;
SCOTT EAVES, Grapevine Police Department

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-353

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Raymond D. Newsome, Texas prisoner # 1291626, appeals the district

court's dismissal of his in forma pauperis (IFP) civil rights complaint as frivolous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Newsome sued the defendants for their actions (or inaction) before, during, and after his second state trial, conviction, and 20 year-sentence for aggravated robbery with a deadly weapon. We review de novo the district court's dismissal. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Newsome asserts that there is no immunity for the police department. However, the court dismissed the claims against the police chief and the detectives as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and, alternatively, as barred by the statute of limitations. Because Newsome does not challenge the district court's determination that his claims were barred by *Heck*, he has abandoned that issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Newsome asserts that he did not know about the § 1983 claims until about two years ago and that the district court said that there was no statute of limitations for § 1983 suits. The district court stated correctly that there is no federal statute of limitations and that the Texas's two-year general personal injury limitations period applied. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)). Newsome's assertion that he did not know about his § 1983 claims until about two years ago does not show that the district court erred in determining that Newsome's complaint was untimely. The district court did not err by dismissing these claims as frivolous. *See Moore*, 30 F.3d at 620.

Newsome asserts that the (unspecified) attorney in this suit was appointed by the state court. "[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). The district court did not err in dismissing the § 1983 claims against his attorneys as lacking an arguable basis in law and failing to state a claim. *See Geiger*, 404 F.3d at 373.

Newsome also asserts that all of the defendants were working under color of state law and should not be immune from suit for their misconduct. Newsome's conclusional assertion fails to show that the district court erred in finding that the judge and the prosecutors were absolutely immune from suit. Because these defendants were absolutely immune from suit, Newsome's claims against them lacked an arguable basis in law and the district court did not err in dismissing the claims against them as frivolous. *See Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995).

Newsome asserts that "the standard for review by the 5th Cri. [sic] Rules should be look[ed] at under state law." Even liberally construing the brief, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), we cannot divine an argument from this assertion.

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The district courts dismissal of Newsome's complaint and this court's dismissal of his appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Newsome is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.