# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2010

No. 09-40666
Summary Calendar

Charles R. Fulbruge III
Clerk

CHARLES W. BURNETT,

Plaintiff-Appellant

v.

W.E. DENMAN, The Honorable Judge; 412TH DISTRICT COURT OF BRAZORIA COUNTY, TEXAS; JERRY DEERE, District Clerk of Brazoria County, Texas,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:09-CV-71

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charles W. Burnett, Texas prisoner # 1476498, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous. Burnett, proceeding pro se and in forma pauperis (IFP), filed his § 1983 complaint against Judge W.E. Denman and Jerry Deere, alleging that they violated his state and federal rights when Judge Denman dismissed with prejudice a malpractice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

action Denman had filed against his attorney. Burnett sought money damages. The district court dismissed Burnett's action as frivolous, citing 28 U.S.C. § 1915(e)(2)(B)(i). The district court concluded that Judge Denman and Deere were immune from suit under the principles of absolute judicial immunity and qualified immunity, respectively.

A district court must sua sponte dismiss a prisoner's IFP § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. § 1915(e)(2)(B). We review a district court's dismissal as frivolous for abuse of discretion. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Burnett challenges the district court's dismissal of his claims against Judge Denman on the grounds of absolute judicial immunity. Judges are entitled to absolute immunity from damages in § 1983 actions arising out of all acts performed in the exercise of their judicial functions. *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995). A judge is not deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996). However, a judge has no immunity for actions taken outside of his judicial capacity, or for actions that are judicial in nature, but occur in the complete absence of all jurisdiction. *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Judge Denman dismissed Burnett's malpractice suit with prejudice after finding that Burnett had failed to state a claim for relief. Thus, Judge Denman was entitled to absolute immunity. *See Krueger*, 66 F.3d at 77; *Malina*, 994 F.2d at 1124. Burnett's claims of legal error and bias on the part of Judge Denman are insufficient to overcome the immunity afforded Judge Denman. *See Mays*, 97 F.3d at 110. Accordingly, the district court did not abuse its discretion when it dismissed as frivolous Burnett's § 1983 claims against Judge Denman.

Burnett also challenges the district court's dismissal of his claims against Deere on the grounds of qualified immunity. Court clerks "have absolute

immunity . . . for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).  Court clerks enjoy qualified immunity for those routine duties not explicitly commanded by either court decree or judicial instruction.  *Id.*  The record reflects that Deere informed Burnett that Judge Denman had dismissed Burnett's malpractice suit.  Because Deere's actions were ministerial, he was entitled to qualified immunity.  *Id.*

Burnett also alleges that Deere changed the filing date on the malpractice suit.  Burnett contends that Deere's actions constituted a fraud upon the court and violated his right of access to the courts.  Because Burnett did not allege in the district court that Deere committed a fraud on the court, this court need not address his claim.  *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).  Burnett's claim that Deere's actions violated his right of access is unavailing because Burnett has not alleged prejudice or actual injury.  *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).

Burnett is cautioned that the dismissal of his § 1983 suit by the district court pursuant to § 1915(e)(2)(B)(i) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Burnett is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.