# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2010

No. 09-60782

Lyle W. Cayce
Clerk

ERIC CUNNINGHAM, JR., by and through his father and next friend, Eric Cunningham, Sr.; ERIC CUNNINGHAM, JR., Individually,

Plaintiffs – Appellants

v.

CITY OF WEST POINT MISSISSIPPI,

Defendant – Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:07-CV-261

Before GARWOOD, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eric Cunningham, Jr. (Cunningham), and his father, Eric Cunningham, Sr., appeal the dismissal of their claims against the City of West Point, Mississippi under 42 U.S.C. § 1983 and the Mississippi Tort Claims Act (MTCA). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60782

## FACTS AND PROCEEDINGS

Seventeen-year-old Cunningham was babysitting his girlfriend's children, including fifteen-month-old Jahmad Hogan. Hogan accidentally died while under Cunningham's care, but local authorities charged Cunningham with child abuse and capital murder. A municipal judge, A.M. Edwards, denied Cunningham bail, and he remained in jail for fifty-eight days. Ultimately, the grand jury refused to indict Cunningham on the charges. Cunningham, along with his father, sued the City pursuant to § 1983 and the MTCA. He asserted that the denial of bail deprived him of a federally protected right and that the City's employees were negligent in their investigation of Hogan's death.

On the City's motion, the district court entered summary judgment in its favor on all claims. The court first concluded that there was no valid policymaker on whom the City's alleged § 1983 municipal liability could be pinned. It then summarily found that there was no evidence to support Cunningham's assertion that City employees acted in "reckless disregard of [his] safety and well-being," as required to prevail under the MTCA.

## DISCUSSION

Cunningham makes two arguments. First, he contends that his § 1983 claim was dismissed in error because the municipal judge was acting as a policymaker for the City. Second, he contends that material fact issues precluded summary judgment in the City's favor on his state claim.[1] We address these arguments in turn.[2]

---

[1] Cunningham also argues that Judge Edwards's denial of bail without particularized findings deprived him of federal rights under the Fourteenth Amendment. For reasons discussed *infra*, the court need not address this argument.

[2] We review "a district court's grant of summary judgment de novo, applying the same legal standards as the district court." *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 258 (5th Cir. 2009) (quotation omitted). "[T]he evidence and inferences from the summary judgment record are viewed in the light most favorable to the nonmovant." *Id.* (quotation omitted).

## I.    Section 1983 Municipal Liability

To prevail on his § 1983 claim against the City, Cunningham "must establish that he sustained a deprivation of his constitutional rights as a result of some official policy, practice, or custom of the governmental entity." *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)).  In *Pembaur v. City of Cincinnati*, the Supreme Court held that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances."  475 U.S. 469, 480 (1986). "[W]here action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly."  *Id.* at 481.  Whether an official possesses the requisite "final policymaking authority" is a question to be decided by reference to state law.  *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468-69 (5th Cir. 1999).

Cunningham asserts that Judge Edwards, as a municipal judge for the City, was a policymaker and that his decision to deny bail constituted municipal policy.  This court has repeatedly rejected this argument in analogous cases.  In *Krueger*, the court flatly held that  "[a] local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county."  66 F.3d at 77.  In *Johnson v. Moore*, the court emphasized its repeated holdings "that a municipal judge acting in his or her judicial capacity to enforce state law does not act as a municipal official or lawmaker." 958 F.2d 92, 94 (5th Cir. 1992); *see also Bigford v. Taylor*, 834 F.2d 1213, 1221-22 (5th Cir. 1988).  Cunningham presents no state law that would compel a different conclusion. Thus, our precedents foreclose the argument that Judge Edwards operated as a municipal policymaker when he denied bail.

Aware of the contrary precedent, Cunningham urges us to disregard *Johnson*, arguing that it is contrary to our earlier decisions in *Familias Unidas*

*v. Briscoe*, 619 F.2d 391 (5th Cir. 1980), and *Crane v. Texas*, 759 F.2d 412 (5th Cir. 1985). *Familias Unidas* held that certain Texas county judges, as the "final authority or ultimate repository of county power," could amount to policymakers for actions taken pursuant to their nonjudicial—*i.e.*, their administrative, legislative, and executive—duties. 619 F.2d at 404; *see also Carbalan v. Vaughn*, 760 F.2d 662, 665 (5th Cir. 1985) (describing the import of *Familias Unidas* in terms of the special role of county judges in Texas). There is no suggestion that Judge Edwards had an array of duties similar to those of the Texas county judges in *Familias Unidas*. Furthermore, there is no doubt that Judge Edwards's denial of bail was a judicial action. Meanwhile, in *Crane*, the court simply cited *Familias Unidas* with approval in concluding that certain decisions made by a district attorney were tantamount to municipal policy. 759 F.2d at 429-30. Contrary to Cunningham's contention, neither of these cases is in conflict with *Johnson v. Moore* or related decisions.

Finally, Cunningham argues that it is illogical for the court to conclude that a municipal judge enforcing state law provisions in his judicial capacity is acting pursuant to state, rather than municipal, policy. This argument, too, is foreclosed. *See Bigford*, 834 F.2d at 1222 (holding that a municipal judge's departure from controlling state law "cannot be said to represent county policy"); *see also Eggar v. City of Livingston*, 40 F.3d 312, 315 (9th Cir. 1994) (refusing to hold that a municipal judge's failure to follow state and federal constitutional law renders him a municipal policymaker).

Accordingly, regardless of whether Cunningham suffered a constitutional deprivation, the City cannot be liable under the facts of this case because the claimed deprivation was not the result of an official policy, practice, or custom. *See Johnson*, 958 F.2d at 93-94 (declining to address the merits of an alleged constitutional deprivation once it has been established that no municipal

liability can attach); *Bigford*, 834 F.2d at 1223 (same).  The dismissal of the § 1983 claim is therefore affirmed.

## B.     Mississippi Tort Claims Act

The MTCA provides a qualified waiver of sovereign immunity under Mississippi law for certain tortious acts by municipal employees.  It does not waive sovereign immunity, however, for

> any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury.

MISS. CODE ANN. § 11-46-9(1)(c).  Thus, the City can only be liable for its officers' conduct if those officers acted with reckless disregard of Cunningham's safety and well-being.   "[R]eckless disregard is synonymous with willfulness and wantonness and . . . includes an element of intent to harm." *Foster v. Noel*, 715 So. 2d 174, 179 (Miss. 1998).

In his complaint, Cunningham alleged that the City's police investigation was deficient in the following respects: officers negligently relied on a faulty medical opinion of the cause of death; officers negligently failed to interview witnesses; and the City was negligent in failing to train its officers on proper investigative techniques.  In granting judgment for the City, the district court found that its employees were acting within the course and scope of their employment and that there was no evidence of "reckless disregard of the safety and well-being" of Cunningham.  On appeal, Cunningham contends that the officers failed to interview eyewitnesses.[3]  Cunningham frames the argument in

---

[3] Cunningham also contends that officers conducted an abusive interview with him and submitted improper, conclusory affidavits to support the arrest warrants.  Because Cunningham did not present these arguments to the district court, however, they may not be

terms of "fact issues" which prevent summary judgment, but he does not point to evidence that in any way undermines the district court's ruling that the officers did not act with reckless disregard of Cunningham's safety or well-being. Instead, Cunningham merely points to evidence that the officers conducted cursory interviews with certain witnesses. There is no support for his implicit assumption that conducting a limited interview necessarily amounts to reckless disregard sufficient to trigger municipal liability.

Nor do the MTCA cases cited by Cunningham support his position.[4] In *Foster v. Noal*, the Mississippi Supreme Court held that an officer acted with reckless disregard when no investigation whatsoever was conducted and when the officer simply entered the plaintiff's name on an arrest affidavit. *Foster*, 715 So. 2d at 176-77, 179. Here, an investigation was conducted, which, though it may have led the officers to arrest Cunningham in error, was nonetheless not so lacking in substance as to amount to reckless disregard of his safety. Meanwhile, *Phillips v. Mississippi Department of Public Safety* merely stands for the uncontroversial proposition that a court must consider "the totality of the circumstances when considering whether someone acted in reckless disregard." 978 So. 2d 656, 661 (Miss. 2008).

The district court correctly held that Cunningham did not present evidence creating a material fact issue as to whether the officers acted with reckless disregard. Accordingly, we affirm its dismissal of the MTCA claim.

---

raised on appeal. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Even if not waived, these arguments would not affect our conclusion, as Cunningham presents no specific evidence to support his theory that the officers' actions constituted the requisite "reckless disregard."

[4] Cunningham also cites malicious prosecution cases relating to probable cause, but these are not relevant to his MTCA claim. The question before the court is not whether probable cause to issue an arrest warrant existed, but whether the officers acted with reckless disregard of Cunningham's safety and well-being during the investigation.

No. 09-60782

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.