**Linda LEWIS, Plaintiff–Appellant**

**v.**

**CITY OF WAXAHACHIE; Ellis County; Cindy Polley, Ellis County Clerk; Judge Gene Calvert; Judge Don Metcalf; Joe F. Grubbs, District Attorney; Sheriff Johnny Brown; Rodney Pat Ramsey; Kendall L. Drew, in their official capacity and individually; Officer Joel Berry, Defendants–Appellees.**

No. 12–10112

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 18, 2012.

Linda Lewis, Waxahachie, TX, pro se.

William L. Auvenshine, District Attorney's Office, Waxahachie, TX, David Randall Montgomery, Esq., D. Randall Montgomery & Associates, P.L.L.C., Dallas, TX, for Defendants–Appellees.

Rodney Pat Ramsey, Waxahachie, TX, pro se.

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Linda Lewis moves to proceed in forma pauperis (IFP) on appeal from the dismissal of her 42 U.S.C. § 1983 complaint. She is challenging the district court's certifica-

---

tion, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal would not be taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). The district court relied on its reasons for dismissing Lewis's § 1983 complaint as grounds for its certification decision.

A movant seeking leave to proceed IFP on appeal must demonstrate that she is a pauper and that her appeal is taken in good faith, i.e., that she will raise a non-frivolous issue on appeal. FED. R.APP. P. 24(a)(5); *Carson v. Polley,* 689 F.2d 562, 586 (5th Cir.1982). Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (citation omitted).

In her § 1983 complaint, Lewis alleged that the defendants, in various combinations, violated her constitutional rights in relation to a state court contempt proceeding and violated state laws prohibiting the intentional infliction of emotional distress, defamation of character, libel, slander, fraud, and malicious prosecution. Lewis asked the district court to reverse her convictions of contempt and of disorderly conduct and resisting arrest, expunge her record, and award her $10,000,000 in damages.

The district court dismissed Lewis's claims as frivolous pursuant to § 1915(e)(2)(B). The court held that Lewis's challenge to her convictions could be brought only in a habeas action, Lewis's request for expungement of her convictions was barred under *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Lewis's remaining constitutional claims were either frivolous and failed to state a claim upon which relief could be granted or were barred because the respective defendants had immunity from suit. Because Lewis's federal claims were dismissed, the district court dismissed her state law claims without prejudice.

On appeal, Lewis restates the allegations she made in her § 1983 complaint. She argues that the district court erred in determining that her claims against Judges Calvert and Metcalf in their individual capacities were barred under the doctrine of judicial immunity. However, her argument-that the judges were not entitled to immunity because they exceeded their judicial capacity when they allegedly violated her constitutional rights-lacks merit. *See Stump v. Sparkman,* 435 U.S. 349, 355–60, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Malina v. Gonzales,* 994 F.2d 1121, 1124 (5th Cir.1993). Judicial officers are entitled to absolute immunity from damages in civil actions arising out of all acts performed in the exercise of their judicial functions. *Krueger v. Reimer,* 66 F.3d 75, 77 (5th Cir.1995). A judge has no immunity, however, for "actions taken outside of his judicial capacity" or for "actions that are judicial in nature, but occur in the complete absence of all jurisdiction." *Malina v. Gonzales,* 994 F.2d 1121, 1124 (5th Cir.1993). Lewis's allegations consist of challenges to the manner in which Judge Calvert and Judge Metcalf handled her contempt proceedings, acts that are judicial in nature and constitute "normal judicial function[s]." *Id.* at 1124–25. Lewis alleges that Judge Calvert and Judge Metcalf violated her constitutional rights, but the doctrine of judicial immunity insulates judges from suit even in cases involving allegations of a constitutional violation. *See Stump,* 435 U.S. at 355–60, 98 S.Ct. 1099.

Lewis has not addressed the district court's reasons for dismissing her remaining claims. By failing to identify any error

in the district court's basis for dismissing those claims, Lewis has abandoned any challenge she might have raised regarding the district court's decisions. *See Brinkmann v. Dallas County Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir.1987); *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993).

Lewis has not demonstrated that she will raise a nonfrivolous issue on appeal. *See* § 1915(a); *Howard,* 707 F.2d at 220. Accordingly, her motion to proceed IFP on appeal is DENIED. Because the appeal is frivolous, it is DISMISSED. *See Baugh,* 117 F.3d at 202 & n. 24; 5th Cir. R. 42.2.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.