# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2010

No. 10-20048
Summary Calendar

Lyle W. Cayce
Clerk

KRISTOFER THOMAS KASTNER,

Plaintiff - Appellant

v.

TOM LAWRENCE, Individually and as Harris County Justice of the
Peace Precinct 4 Position 2; DEANA FORRESTER, Individually and as
Harris County Clerk; UNKNOWN CLERK, Individually and as Harris
County Clerk; BELINDA CINQUE, Individually and as Harris County
Clerk; HARRIS COUNTY; STATE OF TEXAS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-2491

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kristofer Thomas Kastner filed suit against three county court clerks, the
Harris County Justice of the Peace, Harris County, and the State of Texas,
alleging civil rights violations under 42 U.S.C. § 1983. The district court granted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-20048

the Defendants' motions to dismiss.  On appeal, Kastner argues that the district court erred in denying discovery, in denying him the opportunity to amend his complaint, and in holding the Defendants immune from suit.  Finding no error, we AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

Kastner's complaint alleges that his wallet, credit card, checks, and other items were stolen and that he reported the theft to the Harris County Sheriff's Department the same day.  Thereafter, the thief used one of Kastner's checks to pay for purchases at a Kroger grocery store.  After the check was returned for insufficient funds, Kroger executed an affidavit stating that Kastner had written the check, that it had verified his signature, and that a notice of insufficient funds had been sent to the address on the license.  Based on this affidavit, a warrant was issued for Kastner's arrest.

Harris County constables arrested Kastner for issuance of a bad check and detained him in the county jail.  Kastner alleges that during his arrest and detention, he suffered physical, emotional, and reputational damage based on his arrest; strip search; being forced to wear dirty, used jail clothes; and from the use of the handcuffs.  The next month, the case against Kastner was dismissed for insufficient evidence.

Based on these events, Kastner filed suit under Section 1983.  Proceeding *pro se*, he alleged civil rights violations arising from the Defendants' false arrest and imprisonment, negligence, and negligent supervision and training.  Kastner alleges that the Defendants failed to assure themselves that Kroger had complied with the applicable statutory requisites before issuing the warrant. *See* Tex. Penal Code Ann. § 32.41.  Specifically, he alleges that notice of the bad check was improper, and that he was not allowed sufficient time to make restitution to Kroger for the amount of the check as required by the statute.  He

2

also alleges that the Defendants erred in not determining that the wallet and checks were stolen before issuing the warrant.

The magistrate judge recommended granting the Defendants' motions to dismiss and denying Kastner's motions to recuse, to proceed with discovery, for default judgment, and for sanctions. The district court adopted the magistrate judge's Memorandum and Recommendations and dismissed with prejudice.

## DISCUSSION

### A.     *Dismissal Under Rule 12(b) (6)*

We review a dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*, applying the same standard as the district court. *Davis v. Tarrant County, Tex.*, 565 F.3d 213, 217 (5th Cir. 2009). We will affirm if the complaint alleges facts which if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We construe *pro se* pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 1.     *Absolute Immunity*

The district court concluded that Judge Lawrence and the three court clerks all had absolute immunity for their actions in this case.

Generally, judges have absolute immunity from damage suits. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991). Immunity applies even where the judge's action "was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Two narrow exceptions exist to this immunity: (1) if the actions are not taken in the judge's judicial capacity, and (2) if judicial action is "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11. Kastner argues that both exceptions are applicable here.

In determining whether actions were taken in a judge's judicial capacity, we apply a four-factor test:

(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct

spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Malina v. Gonzalez*, 994 F.2d 1121, 1124 (5th Cir. 1993). We construe these factors broadly in favor of immunity. *Id.*

The challenged action involves the issuance of arrest warrants, which is within the judge's judicial activity. The acts occurred in or near courtroom space, and involved a case pending before the court. We reject Kastner's contention that Judge Lawrence was acting not in his judicial capacity, but in an "administrative, legislative, or executive" capacity. *Davis*, 565 F.3d at 221.

Kastner argues that because no offense was committed and certain procedures were not followed, the judge was somehow completely stripped of his jurisdiction. In considering the argument, we note that under Texas law, the offense of issuance of a bad check is a Class C misdemeanor, punishable by fine only. Tex. Penal Code Ann. § 32.41(f). Under the Texas Constitution and the Texas Code of Criminal Procedure, justice of the peace courts have subject matter jurisdiction over such crimes. *See* Tex. Code Crim. Proc. Ann. art. 4.11; TEX. CONST. art. V, § 19. Consequently, Judge Lawrence's action was not taken "in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11.

This absolute immunity also extends to the court clerks. As stated by the district court, the Texas court clerks have the power to perform the ministerial task of issuing process at the judge's behest; they do not determine probable cause for arrest. *See Sharp v. State*, 677 S.W.2d 513, 514 (Tex. Crim. App. 1984). This is the duty of the judge. Court clerks are immune from actions "for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (citation and quotation marks omitted). Because the clerks issued the warrant

at the direction of the justice of the peace, they are also protected by absolute immunity.

### 2.    *Eleventh Amendment Immunity*

The Eleventh Amendment bars suits against the states unless the state has specifically waived its immunity or Congress has abrogated state immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  Judge Lawrence named in his official capacity is also immune under the same principles. *Davis*, 565 F.3d at 228.

Kastner argues that the State of Texas has waived its immunity with the Texas Tort Claims Act.  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 104.002.  However, under Texas law, the waiver of immunity does not apply to any claim "based on an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit."  *Id.* § 101.053(a).  Therefore, the State has not waived immunity, and dismissal of these claims was proper.

### 3.    *Claims Against the County*

Harris County can be liable under Section 1983 "only for acts that are directly attributable to it through some official action or imprimatur." *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (citation and quotation marks omitted).  A plaintiff must show "in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury."  *Id.*  That policy must be unconstitutional or adopted "with deliberate indifference to the known or obvious fact that such constitutional violations would result."  *Id.* (citation and quotation marks omitted).

Kastner alleges that there was an official policy of not properly issuing warrants, and that the policy directly resulted in violations of his constitutional rights.  He argues that the officials were not properly trained or supervised in

how they issue warrants. However, "[a] local judge acting in his or her judicial capacity is not considered a local government official whose actions are attributable to the county." *Krueger v. Remier*, 66 F.3d 75, 77 (5th Cir. 1995) (citations omitted). Kastner has not shown that the judge's "edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978).

B.    *Denial of Discovery*

The magistrate judge denied discovery until after the motions to dismiss were heard. After granting the Defendants' motions to dismiss, the magistrate judge recommended that Kastner's motion to proceed with discovery be denied. Kastner argues that this ruling was in error because it did not enable him to obtain evidence sufficient to defeat the Rule 12(b)(6) motion.

"One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). In the context of qualified immunity, we have held that even limited discovery on the issue of immunity is not appropriate until the district court first determines that "the plaintiff's pleadings assert facts, which, if true, would overcome the defense." *Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996) (citation and quotation marks omitted).

As previously noted, the exceptions to the absolute immunity protecting the judge and clerks in their individual capacities are very narrow. *Mireles*, 502 U.S. at 11-12. Kastner does not indicate that additional discovery would lead to evidence which would defeat the immunity of the state, Judge Lawrence, and the county clerks.

Kastner alleges that discovery would lead to evidence showing a policy or custom giving rise to liability for the county. However, the judge's judicial actions cannot be attributed to the county. *See Krueger*, 66 F.3d at 77. Kastner's

allegations do not indicate any policy or custom of the county apart from the actions and directions of the judge and those acting at his direction.

The district court did not abuse its discretion in denying discovery.

C.    *Denial of Leave to Amend*

Kastner contends that the district court erred in not allowing him to amend his complaint. The request to amend was made for the first time in his objections to the magistrate's Memorandum and Recommendations.

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed with prejudice. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, granting leave to amend is not required where the plaintiff has already pled his "best case." *Id.*

We are convinced that Kastner already pled his best case. He has given no indication of what material facts he would include in an amended complaint. *See Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009). Accordingly, we conclude that the district court did not abuse its discretion in denying leave to amend.

D.    *Motions to Recuse*

The district court denied Kastner's motions to recuse the magistrate and district judges. We review a denial of a motion to recuse for abuse of discretion. *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003).

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Kastner correctly states that a judge should recuse himself when a reasonable person, with knowledge of the circumstances, would question the judge's impartiality. *See Republic of Panama v. Am. Tobacco Co., Inc.*, 265 F.3d 299, 302 (5th Cir. 2001). However, we disagree with his conclusion that a reasonable person would question the judges' impartiality in this case.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Where the grounds for recusal arise solely in the course of the judicial proceedings, judicial rulings will only "in the rarest circumstances evidence the degree of favoritism or antagonism required." *Id.* Kastner has not shown any favoritism or antagonism on the part of the district court or magistrate judge, but merely expresses disagreement with specific rulings by the court on motions and routine case management matters. There has been no abuse of discretion.

AFFIRMED.