Opinion issued November 21, 2012



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-10-00291-CV

———————————

**KRISTOFER THOMAS KASTNER, Appellant**

**V.**

**THE HON. TOM LAWRENCE, INDIVIDUALLY AND AS HARRIS COUNTY JUSTICE OF THE PEACE, DEANA FORRESTER, INDIVIDUALLY AND AS HARRIS COUNTY CLERK, BELINDA CINQUE, INDIVIDUALLY AND AS HARRIS COUNTY CLERK, AND HARRIS COUNTY, TEXAS, Appellees**

On Appeal from the 55th District Court
Harris County, Texas
Trial Court Case No. 2009-47779

**MEMORANDUM OPINION**

Kristofer Thomas Kastner appeals from the dismissal of his claims against Harris County on the basis of governmental immunity. He argues that the trial court erred by not allowing discovery prior to ruling on the plea to the jurisdiction, by granting Harris County's plea to the jurisdiction, and by doing so without giving him an opportunity to amend his pleading.

The claims against Harris County are based upon the county's alleged vicarious liability for the actions of a judge and two judicial employees. Because those employees enjoy judicial immunity for their challenged actions, we conclude that Harris County is also immune from Kastner's suit. Accordingly, we affirm.

## Background

Kastner was arrested on a warrant for passing a bad check at a grocery store. He contends that his wallet had been stolen and that he did not write the check. After a brief investigation, the charges against Kastner were dropped for insufficient evidence.

Kastner alleges that the grocery store did not properly notify him about the bad check or give him an opportunity to make restitution before making an affidavit for his arrest. He also alleges that the justice of the peace who issued the warrant and his clerks acted improperly by failing to verify that the grocery store

had complied with the proper procedure to obtain a warrant for arrest for issuance of a bad check. *See* TEX. PENAL CODE ANN. § 32.41 (West 2011).

Kastner sued Judge Tom Lawrence, Harris County Justice of the Peace for Precinct 4, two named Precinct 4 clerks, an "unknown clerk," Harris County, and the State of Texas. He alleged that his civil rights were violated when the warrant for his arrest was issued based on insufficient evidence and without probable cause. In his original petition, Kastner identified Judge Lawrence as "The Hon. Tom Lawrence, individually and as Hrs Cty. Justice of the Peace," and he identified the two clerks by name, "individually and as Harris Cty. Clerk." He further alleged that the defendants had a duty to supervise and train employees to ensure compliance with legal standards prior to issuance of arrest warrants, and that they breached these duties. The petition specifically alleged that the individual defendants were acting in the scope of their employment when they issued the warrant.

Without specifically mentioning either 42 U.S.C. § 1983 or the Texas Tort Claims Act, Kastner stated generally that he was pleading causes of action for violation of his civil rights, false imprisonment, negligence, and negligent supervision and training—all stemming from the issuance of the arrest warrant without proof that the grocery store had provided him notice and an opportunity to pay restitution before his arrest. He sought monetary damages for physical and

3

emotional injury, humiliation, pain and suffering, and damage to his professional reputation, plus related attorney's fees.

Judge Lawrence and the two clerks filed a plea to the jurisdiction on the basis of judicial immunity, which was granted. Kastner timely filed a notice of interlocutory appeal from that order. Harris County subsequently filed a plea to the jurisdiction asserting governmental immunity based on its employees' judicial immunity. The trial court granted Harris County's plea to the jurisdiction, and Kastner timely filed another notice of appeal.

## Analysis

We review de novo the trial court's ruling on a plea to the jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004)). The plaintiff must allege facts that affirmatively establish the trial court's subject matter jurisdiction. *Id.*; *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In determining whether the plaintiff has satisfied this burden, we construe the pleadings liberally in the plaintiff's favor and deny the plea if the facts affirmatively demonstrating jurisdiction have been alleged. *Miranda*, 133 S.W.3d at 226–27; *Smith v. Galveston Cnty.*, 326 S.W.3d 695, 698 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A party may plead himself out of court, however, when he pleads facts that affirmatively negate his cause of action. *Tex. Dep't of Corr. v.*

4

*Herring,* 513 S.W.2d 6, 9 (Tex. 1974); *Khan v. GBAK Props, Inc.*, 371 S.W.3d 347, 357 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

In its plea to the jurisdiction, Harris County argued that the justice of the peace and his clerks were immune from suit, and that as a consequence it too was immune. We agree.

Under the doctrine of governmental immunity, political subdivisions of the State cannot be held liable for the actions of their employees unless a constitutional provision or statute waives that immunity. *See, e.g.*, *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). "[T]he Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, and all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997)). Under the Tort Claims Act, a county is a governmental unit, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (West Supp. 2012), and it is liable for:

> (1)   property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

5

(A)    the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B)    the employee would be personally liable to the claimant according to Texas law; and

(2)    personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

*Id.* § 101.021 (West 2011).

The Act also lists exceptions to the waiver of immunity, *see id.* §§ 101.051–067, including one applicable when the claim is based on "an act or omission of a court of this state or any member of a court of this state acting in his official capacity or to a judicial function of a governmental unit." *Id.* § 101.053. Because the Act provides that a governmental unit may only be liable when "the [negligent] employee would be personally liable to the claimant," *id.* § 101.021(1)(B) & (2), whether the employee is entitled to official immunity may also affect whether the Act's limited waiver of governmental immunity applies. *See DeWitt v. Harris Cnty.*, 904 S.W.2d 650, 653 (Tex. 1995). "If the employee is protected from liability by official immunity, the employee is not personally liable to the claimant and the government retains its sovereign immunity under subsection 1." *Id.* (citing *K.D.F. v. Rex*, 878 S.W.2d 589, 597 (Tex. 1994), and *City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex. 1993)).

6

Kastner's cause of action against Harris County is based entirely on vicarious liability for actions taken by Judge Lawrence and his clerks. Thus, to determine if governmental immunity has been waived as to the county, we must first determine whether the individual defendants were protected by official immunity, in this case, judicial immunity.

Judges have absolute immunity from liability for judicial acts performed within the scope of their jurisdiction. *Dallas Cnty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S. Ct. 1099 (1978)); *Bradt v. West*, 892 S.W.2d 56, 66 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The standard for absolute judicial immunity entails a two-part inquiry. First, the challenged acts must have been "judicial" ones. Second, the acts must not have been "'clearly outside' the judge's jurisdiction." *Bradt*, 892 S.W.2d at 67. Like other forms of official immunity, "'judicial immunity is an immunity from suit, not just from ultimate assessment of damages.'" *Id.* at 69 (quoting *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991)).

Similarly, "[u]nder the doctrine of official immunity, state employees whose job status is classified as 'quasi-judicial' are immune from personal tort liability for erroneous or negligent conduct as long as they act in good faith and within the scope of their employment." *Albright v. Texas Dep't of Human Servs.*, 859 S.W.2d 575, 579 (Tex. App.—Houston [1st Dist.] 1993, no writ). Under this doctrine of

"derived judicial immunity," an officer of the court receives the same immunity as a judge acting in his or her official capacity. *Halsey*, 87 S.W.3d at 554; *accord Alpert v. Gerstner*, 232 S.W.3d 117, 125 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). "The policy reasons for judicial immunity are also implicated when a judge delegates or appoints another person to perform services for the court or when a person otherwise serves as an officer of the court." *Halsey*, 87 S.W.3d at 554. Derived judicial immunity applies when an officer of the court performs a discretionary rather than a ministerial action. *See id*. at 556–57.

> Ministerial acts are those for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." If the public official must obey an order, without having any choice in complying, the act is ministerial. If an action involves personal deliberation, decision, and judgment, however, it is discretionary.

*Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 425 (Tex. 2004) (quoting *Comm'r of the Gen. Land Office v. Smith*, 5 Tex. 471, 479 (1849)) "Investigating and acting on gathered facts has been designated quasi-judicial action." *Albright*, 859 S.W.2d at 579.

Kastner alleged several causes of action, all of which arose from the same operative facts: his contention that the justice of the peace and his clerks acted improperly or negligently in connection with the issuance of the warrant for his arrest. Kastner specifically alleged that Judge Lawrence and his clerks were in the scope of their employment when they engaged in these acts. Kastner makes no

8

argument that Judge Lawrence's actions were outside the scope of his jurisdiction as justice of the peace, and nothing in the record on appeal suggests that Judge Lawrence's actions were taken in the complete absence of all jurisdiction. *See Halsey*, 87 S.W.3d at 554. Kastner's petition affirmatively shows that his causes of action as to Judge Lawrence and the clerks are barred by judicial immunity. *See Herring,* 513 S.W.2d at 9 (pleading affirmatively negates cause of action); *see also City of Houston v. Swindall*, 960 S.W.2d 413, 417 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("Officers of the court, such as court clerks, law clerks, bailiffs, constables issuing writs, and court-appointed receivers and trustees have been accorded derived judicial immunity because they function as an arm of the court.").

Because Judge Lawrence and his clerks were immune from suit and liability on Kastner's claims, Harris County is likewise immune from suit alleging vicarious liability for such claims as well. TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.053. The trial court did not err in granting Harris County's plea to the jurisdiction.

Kastner's arguments on appeal that the trial court should have allowed additional discovery or an amendment to the pleadings are unavailing because neither evidence nor amendments could have thwarted the county's immunity in this case. Kastner argues generally that the court failed to allow discovery

9

pertinent to the merits of his case, and he explains that Judge Lawrence and his clerks failed to appear for depositions. But he has failed to demonstrate that the discovery he sought was pertinent to the jurisdictional issues before the court in the pleas to the jurisdiction. And the record shows that Kastner had been on notice that judicial immunity would be at issue for nearly nine months by the time Harris County filed its plea to the jurisdiction. Another two months passed before the trial court granted the plea, and nothing in the record shows that Kastner attempted to amend his petition in accordance with Texas Rule of Civil Procedure 63 or that he sought leave from the court to amend his petition. In any case, because his petition affirmatively negated the court's subject matter jurisdiction by alleging facts showing judicial immunity, the court was not required to give Kastner an opportunity to amend his pleadings before dismissing the case. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Finally, Kastner's brief refers to his purported cause of action against Harris County pursuant to 42 U.S.C. § 1983. However, his petition did not include a section 1983 cause of action. He did not mention section 1983, nor did he allege that a policy, pattern, practice, custom, or usage of Harris County caused Judge Lawrence and his clerks to act in ways that violated due process. Rather, his petition sought to hold Harris County liable for the actions of its employees undertaken in their official capacities and in the exercise of the jurisdiction of the

10

court.  *See Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 2036 (1978) (Section 1983 "plainly imposes liability on a government that, under color of some official policy 'causes' an employee to violate another's constitutional rights," but the statute "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor").  In his response to Harris County's plea to the jurisdiction, Kastner stated that the claims he brought in this lawsuit were "separately cognizable" from the "1983 causes of action" that he had previously filed in federal court and which were dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Kastner v. Lawrence*, 390 F. App'x 311 (5th Cir. 2010). To the extent Kastner's brief complains of other alleged procedural errors, those issues are all mooted by our resolution of Harris County's immunity claim.

**Conclusion**

We have determined that Judge Lawrence, his clerks, and Harris County are all immune from suit in this case and that Kastner's complaints about discovery and amending his pleadings lack merit. Accordingly, we overrule all of Kastner's issues, and we affirm the order of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Brown.