# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20488
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2018

Lyle W. Cayce
Clerk

JANOS FARKAS,

> Plaintiff - Appellant

v.

OCWEN LOAN SERVICING, L.L.C.; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INCORPORATED, MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-QS9; POWER DEFAULT SERVICES, INCORPORATED,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-3720

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Janos Farkas initiated this action against Defendants–Appellees Ocwen Loan Servicing, LLC, Deutsche Bank Trust Company Americas, and Power Default Services, Inc., claiming that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20488

foreclosures of his two residential investment properties were barred. Ocwen and Deutsche Bank filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In ruling on this motion, the district court decided that Farkas will take nothing from all three defendants. We AFFIRM.

I.

Janos Farkas owns two residential investment properties: one located on Claretfield Court in Humble, Texas (the "Claretfield Property"), and one located on Oakview Creek Lane in Houston, Texas (the "Oakview Property"). On May 31, 2006, Farkas borrowed $87,288 from Cornerstone Mortgage Company ("Cornerstone") to purchase the Claretfield Property. On June 6, 2006, he borrowed $88,061 from Cornerstone to purchase the Oakview Property. At the origination of these loans, Cornerstone was the lender and mortgage servicer. The loans for the properties were evidenced by promissory notes, which were secured by deeds of trust and signed by Farkas. Both deeds named Mortgage Electronic Registration Systems, Inc. ("MERS"), its successors and assigns, as Cornerstone's beneficiary with the right to enforce Cornerstone's legal interests.

In 2006, after closing, both loans were sold to Residential Funding Corporation. The mortgage servicing rights were transferred to Homecomings Financial, LLC, then to its affiliate GMAC Mortgage, LLC ("GMAC"), and finally to Ocwen Loan Servicing, LLC ("Ocwen"). By June 2011, MERS had assigned the deed and note for each property to Deutsche Bank Trust Company Americas ("Deutsche Bank").

Farkas defaulted on both loans in December 2010. In March 2011, GMAC sent a notice of default and intent to accelerate the loans. In May 2011, GMAC sent notices of acceleration for both loans, declaring all unpaid principal and accrued interest due and payable. GMAC received no payments from Farkas, so it sent notices of substitute trustee's sales for the properties—both

No. 17-20488

scheduled for August 2, 2011. In July 2011, Farkas sued GMAC and Deutsche Bank in Texas state court for wrongful foreclosure. The case was removed to federal court. GMAC and Deutsche Bank filed a motion for summary judgment, which the district court granted. Farkas appealed. This court affirmed. *Farkas v. GMAC Mortg., L.L.C.* (*Farkas I*), 737 F.3d 338, 339 (5th Cir. 2013).

In early 2015, Ocwen began servicing the loans. Power Default Services, Inc. ("Power Default"), as an agent for Ocwen, sent notices of substitute trustee's sales for the properties—both scheduled for December 6, 2016. On November 29, 2016, Farkas initiated this action against Ocwen, Deutsche Bank, and Power Default. Farkas claimed that foreclosures of his properties were barred because (1) the mortgagee, Deutsche Bank, did not inform him of the name of the servicer, Ocwen, and (2) the four-year limitations period to foreclose has expired. In December 2016, Ocwen and Deutsche Bank then removed the case to federal court. In January 2017, they filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). On February 3, 2017, Farkas moved to recuse the district court judge, claiming that the judge was prejudiced against him. The district court denied this motion on February 7, 2017. On July 3, 2017, the district court ruled on the motion and decided that Farkas will take nothing from Ocwen, Deutsche Bank, and Power Default.[1] Farkas timely appealed.

---

[1] On July 3, 2017, the district court also dismissed Farkas's claims against Power Default with prejudice as Farkas pleaded nothing that suggests he had been injured by Power Default and Farkas's claims against Power Default were entirely derivative of his claims against Ocwen and Deutsche Bank. As we affirm the district court's dismissal of all of Farkas's claims based on the merits, we need not address whether the separate order of partial dismissal of Farkas's derivative claims against Power Default was appropriate. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014) ("We may affirm the district court's judgment on any basis supported by the record." (citing *United States v. Le*, 512 F.3d 128, 134 (5th Cir. 2007))).

No. 17-20488

## II.

## A.

"We review a district court's ruling on a Rule 12(c) motion for judgment on the pleadings *de novo.*" *Gentilello v. Rege*, 627 F.3d 540, 543 (5th Cir. 2010) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "We evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.* at 543–44 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). "To avoid dismissal, a plaintiff must plead sufficient facts to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As this is a diversity case, we apply Texas substantive law. *See Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 391 (5th Cir. 2014).

First, Farkas argues that Ocwen is not a proper mortgage servicer under Texas Property Code § 51.0001(3) and is therefore unable to initiate a foreclosure proceeding under § 51.0025. A "'[m]ortgage servicer' means the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." Tex. Prop. Code § 51.0001(3). Texas Property Code § 51.0025 permits a "mortgage servicer" to administer the foreclosure of property on behalf of a mortgagee. Farkas specifically contends that Ocwen, who initiated the challenged foreclosures, is not a valid mortgage servicer because the current mortgagee, Deutsche Bank, did not inform him of the name of the servicer, Ocwen. His argument is unavailing.

Under Texas law, "[q]uasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000) (citing *Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 240 (Tex. App.—Corpus

4

Christi 1994, writ denied)). It "applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." *Id.* (collecting cases).

Farkas made monthly payments on both the Claretfield and Oakview mortgages to companies identified to him as the mortgage servicers from the origination of these mortgages in 2006 to his default on both loans in December 2010. The mortgage servicing rights were transferred in 2006, 2009, and 2013. Each time, the preceding servicer—not the mortgagee—notified him of the identity of the succeeding servicer. From 2006 to 2010, Farkas did not raise the issue that only the current mortgagee could provide notice of the identity of the mortgage servicer. Based on his prior conduct, he has acquiesced to the validity of the notice of transfer from one servicer to the next. In *Farkas I*, this court applied the quasi-estoppel doctrine to Farkas's challenge to GMAC's status as the servicer of the loans based on these facts. *See* 737 F.3d at 344. As the differences between *Farkas I* and the situation at hand are immaterial, the doctrine also applies to Farkas's challenge to Ocwen's status as servicer of his loans.

Second, Farkas argues that the four-year limitations period to foreclose has expired. This contention is also unavailing. "Under Texas law, a secured lender 'must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues.'" *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015) (citing Tex. Civ. Prac. & Rem. Code § 16.035(a)). The four-year limitations period can be triggered when the holder of a note or deed of trust exercises its option to accelerate. *See id.* (citing *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). However, "a lender may unilaterally abandon acceleration of a note, thereby restoring the note to its original condition . . . by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and

No. 17-20488

will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms." *Id.* at 105.

In May 2011, GMAC sent notices of acceleration for both loans, which initially triggered § 16.035(a)'s four-year statute of limitations. But these initial accelerations were abandoned when Ocwen sent Farkas new notices of default in early 2015. Ocwen no longer demanded the full balance, and Farkas had the chance to cure his arrearages. Thus, foreclosures of his two properties were not barred.

### B.

On appeal, Farkas also challenges the denial of his motion to recuse. He argues that the district court judge was prejudiced against him because the judge (1) in the case management order, gave Farkas only six days to file a response to the Rule 12(c) motion and (2) after denying Farkas's motion to recuse, gave him a week to file an amended response to the Rule 12(c) motion. "We review the denial of a recusal motion for abuse of discretion." *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012) (citing *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999)). Under 28 U.S.C. § 144, recusal is required if a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Under 28 U.S.C. § 455(a) and (b)(1), recusal is required when the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or when the judge's "impartiality might reasonably be questioned." "Under either statute, the alleged bias must be *personal*, as distinguished from judicial, in nature." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007) (emphasis added) (quoting *Phillips v. Joint Legis. Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981)).

No. 17-20488

Farkas has not shown any personal bias or prejudice on the part of the district court judge, but "merely expresses disagreement with specific rulings by the court on motions and routine case management matters." *Kastner v. Lawrence*, 390 F. App'x 311, 317 (5th Cir. 2010) (per curiam). Farkas has thus failed to demonstrate that the district court abused its discretion by denying his recusal motion.

## III.

For the foregoing reasons, we AFFIRM the district court's ruling that Farkas will take nothing from Ocwen, Deutsche Bank, and Power Default.