# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11294
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2019

Lyle W. Cayce
Clerk

HELEN RYERSON,

      Plaintiff - Appellant

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-3509

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

## I.

Helen Ryerson, a senior attorney with the Social Security Administration, has brought suit under Title VII and the Age Discrimination in Employment Act (ADEA). At the time she filed her complaint, Ryerson was represented by counsel. Her counsel, however, moved to withdraw part-way

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11294

through discovery, citing disagreements about strategy and an overall breakdown in the attorney-client relationship. The magistrate judge held a hearing and granted the motion. It also entertained but ultimately denied Ryerson's motion to extend discovery in the wake of her counsel's withdrawal.

The parties both filed motions for summary judgment after the discovery period ended. In accordance with a previous order referring the case to the magistrate judge for pretrial management, the magistrate judge considered the motions. It issued a recommendation in favor of the government. It noted that many of Ryerson's claims were barred because they had not been timely presented to an EEO counselor as required under 42 U.S.C. § 2000e–16(c). *See Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016). It also concluded that Ryerson's remaining claims were either not serious enough to constitute an adverse employment action or were not accompanied by enough evidence to raise an inference of discriminatory or retaliatory motive.

The district court accepted the magistrate judge's findings, conclusions, and recommendations over Ryerson's objections. It entered a final judgment in favor of the agency. Ryerson subsequently appealed.

II.

The issues that Ryerson raises can be grouped into two basic categories.

A.

First, Ryerson protests the magistrate judge's decision to accept her counsel's withdrawal without granting an extension for discovery. She claims that the decision was not only motivated by racial bias on the part of the magistrate judge but that the decision also violated her due process rights. Accordingly, she argues that the district court abused its discretion when it overruled Ryerson's objections to the magistrate judge's rulings and failed to disqualify or recuse the judge. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (reviewing denials of motion to recuse under an abuse of

discretion standard); *In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018) (per curiam) (reviewing matters of docket management under an abuse of discretion standard).

We disagree. We find no evidence that the district court abused its discretion either procedurally or substantively.

In evaluating a motion to withdraw, the district court has an obligation to assure itself "that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause." *Broughten v. Voss*, 634 F.2d 880, 882–83 (5th Cir. 1981). Both the district court and the magistrate judge satisfied that obligation. The magistrate judge considered Ryerson's response to counsel's motion before allowing the withdrawal. And the magistrate judge specifically asked Ryerson why she thought that the four months of remaining discovery was not sufficient time if counsel withdrew. It was only after this back and forth that the magistrate judge declined to extend the discovery period.

The rulings themselves were also reasonable in light of the facts and circumstances surrounding the case. The parties had approximately four months of discovery remaining when the magistrate judge granted counsel's motion. And, according to Ryerson's counsel, Ryerson had notice that counsel wanted to withdraw months prior to the motion being filed. This gave Ryerson more than enough time to either secure new representation or pursue discovery on her own. The record reflects that Ryerson, despite her concerns, was able to depose multiple witnesses during the existing discovery period. Moreover, had Ryerson encountered a specific need for extra time, the magistrate judge explicitly left the door open for a future extension if Ryerson could show good cause.

As for Ryerson's allegations of racial bias, Ryerson offers no facts to support her assertion—only speculation that the magistrate judge's racial

No. 18-11294

heritage would prejudice her against Ryerson. For her claim to have succeeded, Ryerson would have had to show that a reasonable person, given all the circumstances, would harbor legitimate doubts about the judge's impartiality. *Andrade,* 338 F.3d at 454; *see also* 28 U.S.C. § 455. In this case, that would mean identifying extrajudicial evidence that the magistrate judge based her rulings on something other than what she learned from her participation in the case. *Unites State v. Clark,* 605 F.2d 939, 942 (5th Cir. 1979). Conclusory statements do not constitute such evidence. Nor does the plaintiff's mere disagreement with the magistrate judge's decision. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (stating that judicial rulings alone almost never constitute a valid basis for a bias); *see also Kastner v. Lawrence*, 390 F. App'x 311, 317 (5th Cir. 2010) (rejecting an accusation of bias where plaintiff merely expressed disagreement with specific rulings). The district court therefore made the correct call in refusing to disqualify or recuse the magistrate judge.

## B.

Second, Ryerson contests the district court's determination that she failed to substantiate any of her Title VII or AEDA claims. She offers several arguments, but we do not find any of them persuasive. Accordingly, we conclude that Ryerson failed to show that the district court committed a reversible error in granting the government's motion for summary judgment. Throughout her pleadings, Ryerson used conclusory statements to back her claims rather than evidentiary support. *See Grimes v. Tex. Dept. of Mental Health & Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996) (holding that unsubstantiated and subjective beliefs and conclusory statements are not competent summary judgment evidence). And to the extent that Ryerson does cite evidence in the record, it fails to raise an inference of discriminatory or retaliatory motive. As such, she cannot meet her evidentiary burden under the

*McDonnell Douglas* framework. *See, e.g., E.E.O.C. v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir. 1984). The judgment is affirmed.