# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60683

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2015

Lyle W. Cayce
Clerk

RANDY DALE JACKSON,

Plaintiff-Appellant

v.

WILLIAM L. WALLER, Chief Justice, Supreme Court of Mississippi,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-485

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

Randy Dale Jackson, Mississippi prisoner # R8899, moves this court for leave to appeal in forma pauperis (IFP) from the dismissal of his complaint, filed under 42 U.S.C. § 1981 and 42 U.S.C. § 1985, as an unauthorized successive habeas complaint challenging his 1999 murder conviction. He also moves for the appointment of counsel. The district court denied Jackson's IFP motion and certified that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60683

Jackson's motion for leave to proceed IFP on appeal is construed as a challenge to the district court's certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If this court upholds the district court's certification that the appeal is not taken in good faith, the appellant must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *See Baugh*, 117 F.3d at 202. However, if the appeal is frivolous, this court may dismiss it sua sponte under Fifth Circuit Rule 42.2. *Id.* n.24.

Jackson's argument that the district court should not have construed the petition in any manner other than what was stated on the face of the complaint is without merit. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131-32 (5th Cir. 1987). Moreover, Chief Justice Waller is entitled to absolute immunity. *See Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995).

Jackson has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). His IFP motion is therefore denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. His motion for appointment of counsel is also denied.

The dismissal of the instant appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Jackson is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed

No. 14-60683

while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.