# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60269
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2016

Lyle W. Cayce
Clerk

RANDY DALE JACKSON,

Plaintiff-Appellant

v.

JOHN HOCHBERG; LOREZNO CABE; A. BROWN; MS. TILLIS; JOHN JOE,
MDOC Personnel Correctional Officer; EARNEST LEE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:14-CV-89

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Randy Dale Jackson, Mississippi prisoner # R8899, filed a 42 U.S.C.
§ 1983 complaint alleging that the defendants used excessive force by forcing
him to lay face down on a dirty gym floor and abrading and bruising his skin
by placing him in overly tight handcuffs in the wake of a riot in the prison gym.
He further alleged that the medical staff denied him treatment for his injuries.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-60269

The district court dismissed the complaint as frivolous, determining that Jackson failed to state a claim for excessive force or deliberate indifference to his medical needs.  Accordingly, our review is de novo.  *E.g., Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  A claim is "frivolous if it does not have an arguable basis in fact or law."  *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).  To determine if a complaint fails to state a claim, our court applies the same standard of review applicable to dismissals made pursuant to Federal Rule of Civil Procedure 12(b)(6), and will uphold a dismissal if, "taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts."  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)); *see also* 28 U.S.C. § 1915(e)(2)(B).

On appeal, Jackson argues that the district court erred by dismissing his excessive force and medical claims.  He also argues that the magistrate judge was biased against him.

Jackson fails to show that the district court erred in dismissing his excessive force claim.  In analyzing an excessive force claim, this court looks at the extent of the injuries as well as "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Jackson's own recitation of events demonstrates that there was unrest between rival gangs in the prison, which resulted in a riot in the gym.  At least one inmate was stabbed during the melee, and the violence was such that riot guns and chemical agents were needed to restore order.  As part of their efforts to restore order and ensure the safety of prisoners, the correctional officers separated and handcuffed the inmates, including inmates like Jackson,

2

who had not been directly involved in the riot.  Under the circumstances, the force used was applied in a good faith effort to restore discipline rather than maliciously or sadistically to cause harm.  *See id.*

Jackson likewise fails to show that the district court erred by dismissing his claim regarding the denial of medical care.  Jackson alleges that he suffered pain, abrasions, and bruises as a result of the handcuffing.  These minor injuries did not present an excessive risk to Jackson's safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Moreover, Jackson did not suffer any lasting harm as a result of these injuries.  As such, he has not demonstrated that he had serious medical needs.  *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Jackson's claim of judicial bias against the magistrate judge is based on his contention that the ruling ignored the facts and the law in rejecting his claims.  Adverse judicial rulings alone are generally insufficient to establish judicial bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).  Nothing in the record supports a claim of judicial bias on the part of the magistrate judge. *See id.*

The appeal is without arguable merit and is therefore dismissed as frivolous.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Our dismissal of Jackson's appeal as frivolous, and the district court's dismissal of his complaint as frivolous for failure to state a claim, count as two strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Our prior dismissal of Jackson's appeal as frivolous in *Jackson v. Waller*, 608 F. App'x 245, 245-46 (5th Cir. 2015), also counts as a strike.  *See id.*  Thus, Jackson has accumulated three strikes, and he is prohibited from proceeding IFP in any civil action or appeal that is filed while he is incarcerated

or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

Jackson is WARNED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. *See Coughlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). Jackson is advised to review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(e) BAR IMPOSED; SANCTION WARNING ISSUED.